UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

SPRAGUE OWINGS,

3:12-CV-1385-J-12 TEM

Plaintiff,

v.

T-MOBILE USA, INC.,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, where Plaintiff resides in this district, and where Defendant transacts business in this District.

### PARTIES

4. Plaintiff, Sprague Owings ("Plaintiff"), is a "consumer" as defined by the FCCPA, who at all relevant times resided in the State of Florida, County of Nassau, and City of Yulee.

5. Defendant, T-Mobile USA, Inc. ("Defendant"), is a corporation that is authorized to do business in Nassau County, Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant has made at least one attempt to collect an alleged consumer debt from the Plaintiff.

8. Prior to August 2012, in connection with the collection of an alleged consumer debt, Defendant began placing telephone calls to Plaintiff's cellular telephone number.

9. Plaintiff sent Defendant written communication dated August 21, 2012, and in such communication, Plaintiff stated, in part, as follows:

> "Please respond by mail, or if you insist on calling me, have some live person call who has the power to rectify this deplorable situation. Be aware that if you call me I intend to record the conversation as well as you recording it.
>
> I am highly disappointed in T Mobile. If we cannot resolve this matter as outlined above, then please do not contact me again unless it is to serve me with court papers and I would relish the occasion to present my point of view to a judge. You have been given your due notice as to calling me to harass me about this bill. I expect no more calls except as stated above."

*See* August 21, 2012 correspondence, attached hereto as Exhibit "A."

10. Defendant received Plaintiff's cease and desist correspondence on August 27, 2012 at 8:12 A.M. *See* USPS Delivery Confirmation, attached hereto as Exhibit "B."

11. Despite Plaintiff's revocation of consent for Defendant to place any collection calls to Plaintiff, and in connection with the collection of the Debt, Defendant placed non-emergency calls to Plaintiff's personal cellular telephone using an automatic dialing system

and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- August 27, 2012 at 10:58 A.M.;
- August 28, 2012 at 10:54 A.M.;
- August 29, 2012 at 10:56 A.M.;
- September 4, 2012 at 6:47 P.M.;
- September 6, 2012 at 10:55 A.M.;
- September 6, 2012 at 1:23 P.M.;
- September 7, 2012 at 1:20 P.M.;
- September 10, 2012 at 10:57 A.M.;
- September 11, 2012 at 1:21 P.M.;
- September 17, 2012 at 11:02 A.M.;
- September 17, 2012 at 1:22 P.M.;
- September 18, 2012 at 10:54 A.M.;
- September 19, 2012 at 1:19 P.M.;
- September 21, 2012 at 10:55 A.M;
- September 24, 2012 at 10:55 A.M;
- September 26, 2012 at 10:58 A.M;
- September 26, 2012 at 5:02 P.M;
- September 28, 2012 at 10:55 A.M;
- October 1, 2012 at 10:56 A.M;
- October 3, 2012 at 10:55 A.M;
- October 3, 2012 at 1:21 P.M;
- October 5, 2012 at 10:56 A.M;
- October 8, 2012 at 10:59 A.M.

12.   During the above-referenced August 29, 2012 telephone call, Plaintiff answered and listened to a pre-recorded message until Plaintiff was transferred to a live person.

13. During the August 29, 2012 telephone call, Plaintiff spoke with Defendant's agent and/or employee, and at such time, Plaintiff demanded that Defendant cease and desist from placing any and all further calls to Plaintiff.

14. During the August 29, 2012 conversation, Defendant's agent and/or employee told Plaintiff that Defendant would keep calling Plaintiff anytime she wanted and that Plaintiff cannot stop her from calling.

15. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

16. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

17. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of the Debt.

18. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

19. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

20. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

21. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

22. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

23. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in several of the telephone calls identified above.

24. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice in several of the telephone calls identified above.

25. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

26. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in his daily routine, thus warranting an award of emotional and/or mental anguish damages.

27. As a result of the above violations of the FCCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 above.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfullly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent

of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT II
## VIOLATION OF SECTION 559.72(7) OF THE FCCPA

31. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1 through 27.

32. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff, with such frequency as could reasonably have been expected to harass Plaintiff, or willfully engaging in other conduct which could reasonably have been expected to abuse or harass the debtor or any member of her or his family.

33. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff respectfully prays for relief and judgment as follows:

a.) All actual compensatory damages suffered;

b.) Emotional and/or mental anguish damages;

c.) Statutory damages of $1,000.00;

d.) Plaintiff's attorneys' fees and costs; and

e.) Any other relief deemed appropriate by this honorable Court.

## TRIAL BY JURY

34. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 21st day of December, 2012.

**SPRAGUE OWINGS**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com